## In re Anonymous No. 51 D.B. 92

Disciplinary Board Docket no. 51 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

STEWART, *Member,* May 17, 1999—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

A petition for reinstatement was filed by petitioner, [    ], on June 11, 1998. By order of the Supreme Court dated February 14, 1995, petitioner was suspended for a period of five years, retroactive to June 3, 1992. This suspension was based on petitioner's conviction of conspiracy to defraud the United States of America, in violation of 18 U.S.C. §371.

A reinstatement hearing was held on September 10, 1998 before Hearing Committee [    ] comprised of Chair [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. Petitioner was represented by [    ], Esquire. Office of Disciplinary Counsel was represented by [    ], Esquire.

The Hearing Committee filed a report on February 8, 1999 and recommended that the petition for reinstatement be granted.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of March 10, 1999.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1954 and was admitted to practice law in Pennsylvania in 1979. Petitioner currently resides at [    ]. His current business address is [    ]. Petitioner is married and the father of three children. He is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(2) In 1984, petitioner became the executive director of the [A]. This entity is a local government agency that handles tax free loans in [    ] County. In addition, petitioner was the commerce director of the [B], an umbrella agency of the [C].

(3) Petitioner's duties included overseeing the expenditure of funds received by the agencies.

(4) In 1989, the Department of Housing and Urban Development commenced an investigation and audit of the agency. As a consequence, petitioner was charged with misuse of federal funds earmarked for community development block grants. Instead of applying federal funds to assist low and moderate income owners, petitioner allocated funds to improper loans, entertainment and personal expenses.

(5) On November 26, 1991, petitioner pleaded guilty to conspiracy to defraud the United States of America in violation of 18 U.S.C. §371. The amount in issue was approximately $327,313.

(6) Petitioner was sentenced on March 30, 1992 to five years of probation and directed to pay restitution of $37,000, a fine of $4,000 and a special assessment fee of $500. Petitioner paid in full the restitution, fine and as-

sessment fee. Petitioner's probation was terminated early on the motion of the government at three years into the probationary period.

(7) As a result of this conviction, petitioner was placed on temporary suspension from the practice of law by order of the Supreme Court dated June 3, 1992.

(8) During the period of his suspension, petitioner worked as a consultant to insurance companies, developers, and other businesses in establishing real estate portfolios and/or assisting in obtaining financing for construction or real estate leasing projects.

(9) Petitioner remained involved in many family, charitable, and religious activities during his suspension. He helped his alma mater, [D], raise funds for the school, and he is a member of the Board of Overseers of [E] School of Law. Petitioner served as a soccer coach and a member of the [F].

(10) In order to keep current in the law, petitioner took the required amount of CLE courses and read the advance sheets and professional publications pertaining to real estate law.

(11) Petitioner presented five character witnesses who testified that he is honest, candid, and an asset to the community. These witnesses did not believe that petitioner's reinstatement would have an adverse effect on the public or the legal profession.

(12) Petitioner presented numerous character letters from attorneys and community members who support petitioner's reinstatement.

(13) Petitioner testified that at the time of his misconduct, he was immature and more interested in accomplishing political goals in furtherance of his career than

in making sure the actions he took as executive director were appropriate. He admits he was not diligent and relied upon the advice of others who were ill-informed or had different motivations.

(14) Petitioner takes full responsibility for his actions and understands the negative impact his misconduct has had on the profession and his family.

(15) Office of Disciplinary Counsel does not oppose the petition for reinstatement.

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

This matter is before the Disciplinary Board for consideration of a petition for reinstatement from suspension. An attorney who is suspended from the practice of law for a period exceeding one year may not resume practice until reinstated by order of the Supreme Court of Pennsylvania. Pa.R.D.E. 218(a). In order for petitioner to gain reinstatement he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law, and that the resumption of the practice of law will neither be detrimental to

the integrity of the bar or administration of justice, nor subversive of the public interests. Pa.R.D.E. 218(c)(3)(I).

In determining whether petitioner clearly demonstrated his present fitness to practice law, the board considers the nature of petitioner's misconduct, his present competence and legal abilities, his character, rehabilitation, and the degree of remorse expressed. *Philadelphia News Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was suspended for a period of five years, retroactive to June 3, 1992, for his conviction of conspiracy to defraud the United States of America. This conviction arose from petitioner's misuse of federal funds in his capacity as executive director of the [A]. Petitioner authorized the expenditure of funds for a purpose other than the stated purpose. Petitioner was sentenced to a period of probation for five years. This was terminated after three years at the motion of the government.

Since petitioner's suspension, he has worked as a consultant to various insurance companies and developers in establishing real estate portfolios and obtaining financing. Petitioner served on the Board of Overseers for [E] School of Law, and helped fund-raise for his high school. He involved himself in community and church activities.

Petitioner kept current on the trends in the law by reviewing the advance sheets and real estate publications. He attended the required continuing legal education seminars. If reinstated, petitioner plans to pursue a general law practice.

Petitioner presented character witnesses who testified that he is an honest, ethical person who is an asset to the

community. These witnesses are attorneys who have known petitioner for many years and who do not hesitate to recommend him for reinstatement.

Petitioner expressed sincere remorse for his misconduct, for which he accepts full responsibility. Instead of researching and understanding the underlying law governing the expenditures, he foolishly relied on the advice of others who had political motivations. Petitioner states that initially he was convinced that the expenditures were legitimate since the loans were audited by an independent certified public accountant. It took time for him to admit his wrongdoings to himself. Petitioner believes that the past seven years of suspension have served him well in allowing himself to identify the mistakes he made. He assured the Hearing Committee that he will never again act as he did in the past, nor will he allow himself to be swayed by political goals or the influence of others.

Petitioner engaged in serious misconduct which was addressed by the Supreme Court with a suspension of his license for a period of five years. Petitioner has served his term of suspension and has rehabilitated himself and demonstrated by clear and convincing evidence that he has the requisite moral qualifications, competency and learning in the law necessary for reinstatement. It is equally clear that petitioner's resumption of the practice of law will not be detrimental to the profession or to the public interest.

The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

## ORDER

And now, July 8, 1999, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 17, 1999, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.